IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE SLOAN,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>   Defendants. | No. C 13-0455 LHK (PR)<br><br>ORDER OF SERVICE;<br>DIRECTING DEFENDANTS TO<br>FILE DISPOSITIVE MOTION OR<br>NOTICE REGARDING SUCH<br>MOTION |

Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court orders service upon named Defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged violation was committed by a person acting under the color of state law. *See West v.*
4  *Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Liberally construed, Plaintiff's complaint appears to allege that after a riot between black inmates and Northern Mexican inmates, both groups of inmates were placed on lockdown. Afterward, Plaintiff claims that the Northern Mexican inmates were able to return to normal programming, but the black inmates were not. Although Plaintiff's allegations against Defendants D.E. Battles, E. Medina, B. Hedrick, K.J. Allen, and J.D. Lozano concern their responses to Plaintiff's administrative appeals, liberally construed, Plaintiff may establish liability on their part by showing that Plaintiff's appeals put them on notice that he was being discriminated against in violation of the Constitution. Plaintiff appears to be arguing that Defendants were violating the Equal Protection Clause because black inmates, including himself, were being discriminated against based on race. This claim is cognizable.

However, the Court will DISMISS with prejudice as a Defendant the California Department of Corrections and Rehabilitation based on Eleventh Amendment immunity. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventth Amendment immunity).

**CONCLUSION**

1. The California Department of Corrections and Rehabilitation is DISMISSED with prejudice.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this Order to **Lt. D.E. Battles, Captain D. Asuncion, Correctional Coun selor II E. Medina, Chief Deputy Warden B. Hedrick,** at **SVSP** and **Appeals Examiner K.J. Allen and J.D. Lozano** at the **Office of Appeals in Sacramento, CA.**

1  The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4.  No later than **ninety (90) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

   a.  If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

1  **qualified immunity found, if material facts are in dispute. If Defendants are of the opinion**
2  **that this case cannot be resolved by summary judgment, they shall so inform the Court**
3  **prior to the date the summary judgment motion is due.**
4      5.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and
5  served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is
6  filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and
7  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must
8  come forward with evidence showing triable issues of material fact on every essential element of
9  his claim).
10     6.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after
11 Plaintiff's opposition is filed.
12     7.    The motion shall be deemed submitted as of the date the reply brief is due. No
13 hearing will be held on the motion unless the Court so orders at a later date.
14     8.    All communications by the Plaintiff with the Court must be served on Defendants
15 or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'
16 counsel.
17     9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
18 No further Court order is required before the parties may conduct discovery.
19     10.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
20 and all parties informed of any change of address and must comply with the Court's orders in a
21 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
22 pursuant to Federal Rule of Civil Procedure 41(b).
23     IT IS SO ORDERED.
24 DATED: 4/8/13

*/s/ Lucy H. Koh*
LUCY H. KOH
United States District Judge